UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00638-RJC-SCR

| | |
|---|---|
| CORVIAN COMMUNITY SCHOOL, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> C.A., individually, and by and through his parents, RICH ASELTINE and COURTNEY ASELTINE, and RICH ASELTINE, individually, and COURTNEY ASELTINE, individually. <br><br> **Defendants.** | |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant C.A.'s and C.A.'s parents' ("Defendants" or the "Aseltines") Motion to Dismiss (Doc. No. 7), and the parties' briefs and exhibits. (Doc. Nos. 8, 10 & 12). The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends Defendants' Motion be granted as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Corvian Community School ("Corvian") and the Aseltines, including their minor child, C.A., are parties to an ongoing dispute related to alleged violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and parallel state law, Chapter 115C, Article 9 of the N.C. General Statutes. The IDEA generally provides federal funding to

1

states in exchange for a commitment to furnish a free appropriate public education ("FAPE") to children with physical and intellectual disabilities. 20 U.S.C. § 1400 *et seq.*; see also K.I. v. Durham Pub. Schs. Bd. of Educ., 54 F.4th 779, 784-85 (4th Cir. 2022). If a student has a qualifying disability, an individualized education program ("IEP") is created. K.I., 54 F.4th at 785. The IDEA outlines procedures for dispute resolution when there is disagreement, for instance between the school and parents, about the IEP. Id.; see also 20 U.S.C. § 1415. And when other dispute resolution procedures fail, parties may avail themselves to a state administrative review process.[1] 20 U.S.C. § 1415; N.C. Gen. Stat. § 115C-109.6. If the administrative proceedings are exhausted, an aggrieved party may sue in court. 20 U.S.C. § 1415; N.C. Gen. Stat. § 115C-109.6(h2). Here, two cases have been filed in this Court arising out of two different underlying state administrative petitions, including Aseltine v. Bd. of Dirs. of Corvian Cmty. Sch., 3:22-CV-035-RJC-DCK and the instant case.[2]

**A. The First Petition**

Prior to the instant case, the Aseltines filed a first Petition for Contested Case Hearing ("First Petition") on April 27, 2021, alleging violations of IDEA, as part of the state administrative review process. (Doc. No. 1 ¶¶ 4, 12; Doc No. 1-1). The First Petition arose out of the enrollment of C.A. at Corvian, a public charter school in Mecklenburg County, during the 2019-20 and 2020-21 school years. Id. On August 23, 2021, the First Petition was dismissed by a North Carolina

---

[1] The IDEA permits states to implement either a one-tiered or two-tiered system for administrative review. The North Carolina legislature repealed the statutory section establishing the "two-tiered" system in November 2021, and moved to a one-tiered system, effectively eliminating the additional layer of review that was previously set forth in N.C. Gen. Stat. Ann. § 115C-109.9(d). See also K.I., 54 F.4th at 789; Torres v. Sampson Cnty. Bd. of Educ., No. 7:22-CV-99-FL, No. 7:22-CV-100-FL, 2022 WL 17682634, at *1 (E.D.N.C. Dec. 14, 2022).

[2] In the context of a motion to dismiss, "[a] court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." Brown v. Ocwen Loan Servicing, LLC, No. CIV. PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), aff'd, 639 F. App'x. 200 (4th Cir. 2016); see also Anderson v. Fed. Deposit Ins. Corp., 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (holding that a district court may "properly take judicial notice of its own records"). Accordingly, the Court takes judicial notice of the filings in Aseltine v. Bd. of Dirs. of Corvian Cmty. Sch., 3:22-CV-035-RJC-DCK.

Office of Administrative Hearings ("NCOAH") Administrative Law Judge ("ALJ") due to the Aseltines continued violations of an order compelling discovery and other discovery duties. Id. ¶ 15; (Doc. No. 1-2).

The Aseltines appealed the dismissal of the First Petition to the State Hearing Review Officer ("SHRO"), who affirmed the dismissal with prejudice on October 21, 2021. (Doc. No. 1 ¶ 16; Doc. No. 1-3). Following this, the Aseltines sought review before this Court in the related case, Aseltine v. Bd. of Dirs. of Corvian Cmty. Sch., 3:22-CV-035-RJC-DCK. Through a Memorandum and Recommendation, the Honorable David C. Keesler, the referral U.S. Magistrate Judge, recommended dismissal of the Aseltines' case to the district court judge. (Case No. 3:22-CV-035-RJC-DCK, Doc. No. 20). This Memorandum and Recommendation, along with objections filed by the Aseltines, remain under review. See Aseltine v. Bd. of Dirs. of Corvian Cmty. Sch., 3:22-CV-035-RJC-DCK.

### B. The Second Petition

On July 30, 2021, approximately three months after the Aseltines filed the First Petition, the Aseltines submitted a ten-day letter informing Corvian that C.A. would be withdrawn and placed in a private school for students with disabilities. (Doc. No. 1 at ¶ 18). The Aseltines also informed Corvian that they would seek reimbursement for the private school costs. Id. at ¶¶ 18-19.

After C.A. completed the 2021-22 year in a private school, the Aseltines filed a Second Petition (the "Second Petition") on August 1, 2022. (Doc. No. 1-4). The Second Petition sought relief including reimbursement of tuition and related services following C.A.'s enrollment in the private school. Id. The Aseltines maintain that the First Petition did not seek private school tuition reimbursement because C.A. was not yet enrolled in private school, and the Aseltines had not paid the tuition when they filed the First Petition on April 27, 2021. (Compare Doc. No. 1-1 and Doc.

3

No. 1-4). The Aseltines further argue that the claims in the Second Petition were not ripe at the time of the filing of the First Petition, and therefore, the claims could not have been brought at that time. (Doc. No. 8 at 5; Doc. No. 12 at 2-5).

On September 9, 2022, Corvian moved to dismiss the Second Petition in the state administrative proceedings. (Doc. No. 1 ¶ 24; Doc. No. 1-5). On October 25, 2022, the ALJ partially denied Corvian's motion. (Doc. No. 1-6). The ALJ found that claims arising before August 1, 2021, were "barred by the one-year statute of limitations." Id. However, the ALJ permitted the remaining claims in the Second Petition to proceed finding "***that the claims for relief stated in the Second Petition are substantially different from the claims for relief stated in the First Petition***." Id. (emphasis added).

Plaintiff Corvian filed the instant suit on November 25, 2022, for relief under 20 U.S.C. § 1415(i)(2)(A) and (3)(A) against the Aseltines, seeking: "an appropriate review and comparison of" the First Petition and the Second Petition "to determine the extent to which the two petitions make the same claims and seek the same relief"; "an Order (1) reversing the ALJ's [October 25, 2022] Order to the extent that it failed to dismiss the [Second Petition] in its entirety; and (2) dismissing the [Second Petition] in its entirety;" and "declaratory relief that the dismissal with prejudice of the [First Petition] completely bars the [Second Petition]." (Doc. No. 1 at 8).

## II. DISCUSSION

### A. Standard of Review

#### 1. Review of IDEA Actions

In reviewing and analyzing administrative decisions under IDEA, courts conduct a modified de novo review. Charlotte-Mecklenburg Cnty. Bd. of Educ. v. Brady, 66 F.4th 205, 211 (4th Cir. 2023); see also K.I., 54 F.4th at 788 (citations omitted). In doing so, courts give "due weight to the underlying administrative proceedings and deference to the state administrative

4

agency." Id. "[I]n reviewing state administrative decisions in IDEA cases, courts are required to make an independent decision based on a preponderance of the evidence, while giving due weight to administrative proceedings." Doyle v. Arlington Cnty. Sch. Bd., 953 F.2d 100, 103 (4th Cir. 1991).

   2. **Rule 12(b)(6)**

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). Where "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations'. . . a claim must be dismissed." Id. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

B. **Failure to Exhaust State Administrative Remedies**

The Aseltines moved to dismiss this lawsuit alleging that the instant lawsuit is not proper because the ALJ has not yet rendered a final adjudication of the Second Petition on the merits.

5

(Doc. No. 8 at 3-5). Generally, before an aggrieved party may bring an IDEA action in federal court, there is a requirement to exhaust state administrative proceedings. 20 U.S.C. § 1415; N.C. Gen. Stat. § 115C-109.6(h2). The Fourth Circuit has determined IDEA's exhaustion requirement is not jurisdictional, but is instead a claims-processing rule. K.I., 54 F.4th at 790-92; see also Brady, 66 F.4th at 213. There are narrow exceptions to the exhaustion requirement. MM ex rel. DM v. Sch. Dist. of Greenville Cnty., 303 F.3d 523, 536 (4th Cir. 2002) (noting exceptions include "(1) when the administrative process would have been futile; (2) when a school board failed to give parents proper notification of their administrative rights; or (3) when administrative exhaustion would have worked severe harm upon a disabled child.").[3] The Supreme Court also recently clarified that IDEA's exhaustion requirement does not preclude lawsuits based on other federal statutes where the relief sought is not available under IDEA. Luna Perez v. Sturgis Pub. Schs., 143 S. Ct. 859 (2023).[4]

In the instant case, the Second Petition seeks relief under IDEA for reimbursement of educational expenses and related services after placing C.A. in a private school. (Doc. No. 1-4). On October 25, 2022, the ALJ issued a partial denial of Corvian's Motion to Dismiss the Second

---

[3] Note, however, the Fourth Circuit in K.I. found the IDEA's exhaustion requirement is not jurisdictional, contrary to its prior precedent in MM. 54 F.4th at 790-92. The Fourth Circuit in K.I. still recognized MM's enumerated exceptions to IDEA's exhaustion requirement. Id. at 793.

[4] Luna Perez was decided March 21, 2023, after briefing on this Motion was complete. Compare 143 S. Ct. at 859 and Doc. Nos. 8, 10, & 12. The parties did not submit a notice of supplemental authority. See LCvR 7.1(j) ("If pertinent and significant authorities come to a party's attention after the party's final brief has been filed and before a decision has been rendered, a party must promptly advise the Court by filing a Notice of Supplemental Authority setting forth the citations to such authorities."). Although the parties have not submitted any supplemental briefing, the Court has reviewed Luna Perez and Farley v. Fairfax Cnty. Sch. Bd., No. 21-1183, 2023 WL 3092979 (4th Cir. 2023) to ensure its findings in this Memorandum and Recommendation are consistent with current caselaw. Although the holding in Luna Perez and Farley addressed questions not presently before this Court, the Supreme Court acknowledged that the relief at issue in the instant case – reimbursement of past educational expenses – is "an available remedy" under IDEA. Luna Perez, 143 S. Ct. at 864 ("Section 1415(i)(2)(C)(iii) directs courts in IDEA cases to 'grant such *relief* as the court determines appropriate.' That statutory instruction, we have said, authorizes courts to grant 'as an available *remedy*' the 'reimbursement of past educational expenses.'" (citation omitted) (emphasis in original)). In which case, the exhaustion requirement would still apply.

Petition based on the applicability of the one-year statute of limitations of claims in the Second Petition. (Doc. No. 1-6). The ALJ permitted the remainder of the claims in the Second Petition to proceed and found "***that the claims for relief stated in the Second Petition are substantially different from the claims for relief stated in the First Petition***." Id. (emphasis added). Based on the current record before the Court, the parties have not reported that the ALJ rendered a final decision on the merits of the Second Petition. Since the relief that the Aseltines requested in the Second Petition is a permissible remedy under IDEA, the exhaustion requirement applies unless there is an exception. Luna Perez, 143 S. Ct. at 864 (citing Sch. Comm. of Burlington v. Dept. of Educ. of Mass., 471 U.S. 359, 369-70 (1985)).

Corvian argues that an exception applies. Specifically, Corvian submits that the Second Petition should be barred based on dismissal of the First Petition under the doctrine of res judicata, asserting that the First Petition and Second Petition are identical and a dismissal of this nature by the ALJ and SRHO would be considered a final decision on the merits. (Doc. No. 10 at 4-5). Corvian supports this argument by indicating that the ability to directly challenge a denial of a motion to dismiss in the form of an interlocutory appeal is permitted, excepting the final decision requirement, if res judicata were to apply. Id. at 4. Corvian also argues that failing to dismiss the Second Petition would lead to potentially inconsistent outcomes. Id. at 5.

First, it is worth noting that Corvian urges this Court to "revers[e] the ALJ's Order of 25 October 2022 to the extent that it failed to dismiss the [Second Petition] in its entirety." (Doc. No. 1 at 8). An IDEA action in federal court "is an original civil action, not an appeal from a state administrative agency." Brady, 66 F.4th at 211 (citing Johnson v. Charlotte-Mecklenburg Schs. Bd. of Educ., 20 F.4th 835, 844 (4th Cir. 2021)). Recognizing our system of federalism, federal district courts are not "appellate tribunals over state court or administrative proceedings," and this Court cannot "supervise and supplant state administrative action by affirming, **reversing**, or

7

modifying administrative decisions." Kirkpatrick v. Lenoir Cnty. Bd. of Educ., 216 F.3d 380, 387 (4th Cir. 2000) (emphasis added); see also K.I., 54 F.4th at 789. Of course, the text of the IDEA does not limit the jurisdiction of federal courts. K.I., 54 F.4th at 792. Instead, the IDEA's procedural framework established by statute is aimed at providing "aggrieved persons with an external check on the state administrative action." Id. at 789 (citing Kirkpatrick, 216 F.3d at 386). Considering all of this, Corvian's request for an order "reversing" the ALJ's decision is improper.[5]

The Aseltines' argument that Corvian's lawsuit amounts to an improper interlocutory appeal is merited. Again, this Court is not an appellate tribunal over the state administrative proceedings. Kirkpatrick, 216 F.3d at 387; see also K.I., 54 F.4th at 789. Corvian, unhappy with the ALJ's decision allowing certain claims to proceed in the Second Petition and finding those claims distinct from the First Petition (i.e., not barred by res judicata), has now filed a lawsuit in this Court essentially seeking interlocutory review in an attempt to leapfrog over the state administrative proceedings and IDEA exhaustion requirement. Such a step is not permitted under these circumstances, and in any event, Corvian's res judicata arguments are unpersuasive.

For the doctrine of res judicata to be applied, "there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Pueschel v. United States, 369 F.3d 345, 354-55 (4th Cir. 2004) (citing Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981)); see also Chandler v. Forsyth Tech. Cmty. Coll., 294 F. Supp. 3d 445, 451 (M.D.N.C. Feb. 15, 2018), aff'd, 739 F. App'x 203 (4th Cir. 2018). "Along with these three formal elements

---

[5] When the shoe was on the other foot, Corvian took a contradictory position in the other federal action pending before this Court, 3:22-CV-035-RJC-DCK, urging that C.A.'s request to "reverse" the state administrative decision was improper because "district courts cannot 'affirm, reverse, or vacate the decision of the state administrative agency.'" (Case No. 3:22-cv-035-RJC-DCK Doc. No. 10 at 14-15 (citing Johnson, 20 F4th at 845)). That filing was attached as an exhibit to the briefing of the instant motion. (Doc. No. 8-1). And yet here, Corvian seeks the same relief of "reversal" of the state administrative ruling despite its prior position.

8

of res judicata, two practical considerations should be taken into account." Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A., 816 F.3d 273, 276 (4th Cir. 2016) (citations omitted). "First, we consider whether the party or its privy knew or should have known of its claims at the time of the first action." Id. "Second, we ask whether the court that ruled in the first suit was an effective forum to litigate the relevant claims." Id.

While the parties are indisputably the same and both cases concern the rights of C.A. and the Aseltines under the IDEA, the similarities between the cases end there. The Second Petition seeks reimbursement for educational expenses following C.A.'s enrollment in the private school. This is distinct from the First Petition that focused on the substance of the appropriate education for C.A. Indeed, the ten-day letter, C.A.'s withdrawal from Corvian, C.A.'s placement in a private school, and payment for tuition and related services all occurred after the filing of the First Petition. Even the ALJ in reviewing the Second Petition made the initial finding "that the claims for relief stated in the Second Petition are substantially different from the claims for relief stated in the First Petition." (Doc. No. 1-6).

The undersigned's conclusion is further supported by a similar Third Circuit case, M.R. v Ridley School District, 744 F.3d 112 (3d Cir. 2014), cert. denied, 575 U.S. 1008 (2015). In M.R., a disabled student's parents brought a subsequent action under the IDEA in Pennsylvania for tuition reimbursement following a successful lawsuit under the same statute for placement in a private school. In the first suit, the parents did "not request reimbursement for their out-of-pocket private school costs until after the administrative decision in their favor." Id. at 119. The Third Circuit held that the subsequent action was not barred by res judicata because "the reimbursement claim . . . differs materially from the issues addressed in [the first case]." Id. at 120. The court emphasized the "significant differences between the causes of action at issue" as the first focused on the educational choices while the second focused on the parents' financial recovery as a result

9

of those underlying decisions. Id. Further, the court noted that, consistent with its prior precedent, tuition- reimbursement rights are "completely separate from the merits issues which focus on the adequacy of the proposed IEP." Id. at 120-21 (citations omitted).

Corvian also raises concerns over inconsistent results and urges the Court not to dismiss the instant lawsuit for this reason. To the contrary, if the Court were to allow Corvian to proceed with this federal case rather than let the state administrative process play out—that is precisely where there is a risk of inconsistent results. This Court will not engage where there is no final decision on the merits and especially in light of the ALJ's initial finding that the claims in the Second Petition "are substantially different from the claims for relief stated in the First Petition." (Doc. No. 1-6). The undersigned finds that there is a failure to exhaust administrative remedies necessary before bringing the instant lawsuit, and Corvian may not circumvent the remaining state administrative process. For these reasons, the undersigned respectfully recommends that the Aseltines' Motion to Dismiss be granted.

### III. ORDER

**IT IS ORDERED** that all pretrial proceedings, including all discovery, are **STAYED** pending the District Court's review of the Recommendation below.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' Motion to Dismiss (Doc. No. 7) be **GRANTED** and that the Complaint be **DISMISSED**.

### V. TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within

fourteen days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: August 17, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge