UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00022-RJC-SCR

| CORVIAN COMMUNITY SCHOOL, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| C.A., individually, and by and through his parents, RICH ASELTINE and COURTNEY ASELTINE, and RICH ASELTINE, individually, and COURTNEY ASELTINE, individually, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendant C.A.'s and C.A.'s parents' Motion to Dismiss, (Doc. No. 7), and the Magistrate Judge's Memorandum and Recommendations ("M&R"). (Doc. No. 13). For the reasons below, the M&R is **ADOPTED**, and the Aseltine's Motion to Dismiss, (Doc. No. 7), is **GRANTED**.

I.  BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R, reviewing only those facts most pertinent to the issues at hand. This case concerns two related lawsuits centered on Corvian's alleged failure to provide a free and appropriate public education ("FAPE") to the Aseltine's hearing-impaired child, C.A., as required by the Individuals with Disabilities Education Act ("IDEA"). This Court dismissed the Aseltine's first IDEA lawsuit, finding that the administrative law judge ("ALJ") disposed of the Aseltine's petition on procedural grounds before issuing a "final finding or decision," and thus, that the

1

Aseltines failed to exhaust their administrative remedies under 20 U.S.C. § 1415 before filing suit. *See Aseltine v. Bd. of Dirs. of Corvian Cmty. Sch.*, No. 322CV00035RJCDCK, 2023 WL 5747149, at *4 (W.D.N.C. Sept. 6, 2023). While that action was pending, the Aseltines placed C.A. in private school and informed Corvian that, because Corvian failed to provide C.A. a free and appropriate public education, the Aseltines would hold Corvian responsible for C.A.'s private school tuition costs. The Aseltines then filed a second petition in the appropriate administrative forum, seeking reimbursement for costs related to C.A.'s private school enrollment. Those claims, they maintain, could not have been asserted in the first petition and attendant federal lawsuit, because the Aseltines incurred no costs related to C.A.'s private school education until after they filed their first petition.

Corvian moved to dismiss the Aseltine's second petition in the state administrative proceedings. The ALJ granted Corvian's motion in part, finding that North Carolina's one year statute of limitations barred the Aseltine's claims arising before August 1, 2021, (Doc. No. 1-6 (citing NC Gen. Stat. § 115C-109.6)), but that the Aseltine's remaining claims could proceed because those "claims for relief stated in the Second Petition are substantially different from the claims for relief stated in the Frist Petition." (*Id.*).

Corvian then filed the instant action in this Court, seeking "an appropriate review and comparison of" the First Petition and the Second Petition "to determine the extent to which the two petitions make the same claims and seek the same relief"; "an Order reversing the ALJ's Order … to the extent that it failed to dismiss the August 2022 petition in its entirety; and (2) dismissing the August 2022 petition in its entirety"; and a declaration that the dismissal with prejudice of the [First Petition] completely bars the [Second Petition]." (Doc. No. 1 at 8). The Aseltines moved to dismiss this lawsuit, alleging that Corvian failed to exhaust its administrative

remedies before filing in this Court. Corvian, in response, argued that the doctrine of res judicata applies to the Aseltine's two administrative petitions, and that, though Corvian had yet to exhaust its remedies in the administrative proceedings, immediate action is necessary.

The Magistrate Judge was unpersuaded, finding that Corvian failed to exhaust the necessary administrative remedies before bringing the instant lawsuit and recommending that the Aseltine's Motion to Dismiss be granted. (Doc. No. 13).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Likewise, merely reiterating the same arguments made in the pleadings or motion submitted to the Magistrate Judge does not warrant de novo review. *See United States v. Midgette*, 478 F.3d 616, 620–21 (4th Cir. 2007); *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom.*, *Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013).

3

## III. DISCUSSION

Corvian lodges one objection to the M&R: that the causes of action alleged by the Aseltines in their first and second petitions are indeed the same, and thus, that the Magistrate Judge erred by finding that the doctrine of res judicata did not bar the Aseltine's second petition. Corvian's objection is without merit; irrespective of any similarity between the petitions, this Court is duty-bound to apply IDEA's exhaustion requirement as a mandatory claims-processing rule, and Corvian has failed to exhaust its administrative remedies.

"The IDEA provides funds for states to educate children with disabilities, subject to conditions imposing substantive requirements on the education that is provided." *R.F. v. Cecil Cty. Pub. Sch.*, 919 F.3d 237, 241 (4th Cir. 2019). In return for the receipt of federal education funding, states are required by the IDEA to provide each of their disabled children with a FAPE." *M.M. v. Sch. Dist.*, 303 F.3d 523, 526 (4th Cir. 2002). "[A] FAPE comprises 'special education and related services'—both 'instruction' tailored to meet a child's 'unique needs' and sufficient 'supportive services' to permit the child to benefit from that instruction." *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 158 (2017) (quoting 20 U.S.C. §§ 1401(9), (26), (29)).

Because parents and school representatives sometimes cannot agree on the best way to educate students with disabilities, "the IDEA establishes formal procedures for resolving disputes." *Fry*, 580 U.S. at 158. The IDEA allows states to choose between a one-or two-tiered system of administrative review. *G.L. v. Chapel Hill-Carrboro Bd. of Educ.*, 975 F. Supp. 2d 528, 531 (M.D.N.C. 2013). North Carolina provides a two-tiered administrative review process. *Id.* at 532; *see also* N.C. Gen. Stat. §§ 115C-109.6, -109.9. First, a party may file with the Office of Administrative Hearings ("OAH") a petition for a due process hearing regarding "any matter relating to the identification, evaluation, or educational placement of a child, or the provision of a

4

[FAPE]." N.C. Gen. Stat. § 115C-109.6(a). The OAH appoints an ALJ to conduct the hearing, who then must issue a written decision containing findings of fact and conclusions of law. N.C. Gen. Stat. § 115C-109.6(f). Second, a party may appeal the ALJ's decision to the State Board of Education, who appoints a State Hearing Review Officer to conduct an impartial review of the ALJ's findings and issue an independent decision. N.C. Gen. Stat. § 115C-109.9(a).

"If unsuccessful in this administrative process, the parent may file a civil action in state or federal court 'with respect to the complaint presented' under the IDEA." *Johnson*, 20 F.4th at 839-40 (citing N.C. Gen. Stat. § 115C-109.9(a); 20 U.S.C. § 1415(i)(2)(A)). However, "[t]he limited, original jurisdiction of federal district courts in IDEA cases does not extend to appellate review of state administrative IDEA complaints," *id.* at 845, because an IDEA claim in federal court is "an original civil action, not an appeal from a state administrative agency." *Charlotte-Mecklenburg Cnty. Bd. of Educ. v. Brady*, 66 F.4th 205, 211 (4th Cir. 2023). Thus, "a district court does not simply affirm, reverse, or vacate the decision of the state administrative agency," *Kirkpatrick v. Lenoir Cnty. Bd. of Educ.*, 216 F.3d 380, 384 (4th Cir. 2000), but instead "conduct[s] a modified de novo review, giving due weight to the underlying administrative proceedings." *Brady*, 66 F.4th at 211.

Before filing in federal court, however, a party must exhaust the above administrative procedures. 20 U.S.C. § 1415(l); *Fry*, 580 U.S. at 157-58. The exhaustion requirement is not jurisdictional, but rather a mandatory claims-processing rule. *K.I. v. Durham Pub. Sch. Bd. of Educ.*, 54 F.4th 779, 792 (4th Cir. 2022). "If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017). Thus, where a plaintiff fails to exhaust his administrative remedies under the IDEA and a defendant properly raises the issue, dismissal on that basis can

5

Case 3:22-cv-00638-RJC-SCR   Document 16   Filed 09/15/23   Page 5 of 8

be proper. *See K.I.*, 54 F.4th at 792-94. There remains one final important distinction between jurisdictional requirements and claims-processing rules: while federal courts are totally prohibited from providing relief in actions over which they have no jurisdiction, courts may fashion equitable remedies for violations of claims-processing rules. *Id.* at 793 (dismissing IDEA claim for failure to exhaust administrative requirements because, in part, appellants "have not raised any equitable arguments").

Claims-processing or jurisdictional designation notwithstanding, a district court's purview under the IDEA is limited to review of the final "findings and decision" of the administrative proceedings. 20 U.S.C.A. § 1415(i)(2)(A). Thus, when the administrative process does not reach the merits of an applicant's IDEA claim, there is no "final finding[] [or] decision" for the district court to review, and the plaintiff failed to exhaust his administrative remedies. *See M.E. ex rel. C.E. v. Buncombe Cnty. Bd. of Educ.*, 72 F. App'x 940, 941 (4th Cir. 2003).[1]

Finally, even if a party fails to exhaust his administrative remedies, the Fourth Circuit recognizes three "narrow" exceptions to the exhaustion requirement: (1) where the administrative process would be futile; (2) when the parents do not receive the proposed notice of their administrative rights; or (3) where exhaustion would be harmful to the child. *K.I.*, 54 F.4th at 793 n.8. Absent one of these exceptions or compelling equitable grounds, this Court must enforce the IDEA's exhaustion requirement.[2] *See id.* at 793.

---

[1] Though the Fourth Circuit in *Buncombe County* described IDEA's exhaustion requirements as jurisdictional, rather than as the claims-processing rule now adopted in *K.I. v. Durham Public Schools Board of Education*, 54 F.4th 779, 792 (4th Cir. 2022), *Buncombe County*'s logic as to the finality of administrative proceedings is sound.

[2] As the Magistrate Judge noted, IDEA's exhaustion requirement "applies *only* to suits that seek relief … available under IDEA." *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 147 (2023) (cleaned up) (emphasis in original). The remedy the plaintiff seeks here – reimbursement for private school education costs – is one available under the IDEA, *see Luna Perez*, 143 S. Ct. at

6

Corvian asserts none of these exceptions, but it does argue that the doctrine of res judicata precludes the Aseltine's second petition because the "the Second Petition makes no allegation of a denial of FAPE that was not contained in the First Petition." (Doc. No. 14). An inquiry into the ALJ's decision is premature, however; the ALJ has yet to issue a "final finding or decision" on the Aseltine's second petition. Corvian argues that "an interlocutory appeal may be taken from a denial of a motion to dismiss made on grounds of res judicata where the second case creates a risk of inconsistent verdicts," (Doc. No. 10 at 4), but, as noted above, an IDEA claim is an original civil action, "not an appeal from a state administrative agency," interlocutory or otherwise. *Brady*, 66 F.4th at 211. Without a "final finding or decision" from the ALJ, Corvian's original civil action cannot stand in this Court. Moreover, the core of the relief Corvian seeks – a reversal of the ALJ's order – is unavailable in this Court: "a district court does not simply affirm, reverse, or vacate the decision of the state administrative agency." *Kirkpatrick*, 216 F.3d 380 at 384. Therefore, because Corvian failed to exhaust its administrative remedies, and because the Aseltines properly brought the issue before this Court, (Doc. No. 8), this original IDEA action cannot stand and Corvian's claims are dismissed.

It bears noting that Corvian maintains concern over inconsistent results if its res judicata argument is rejected and this Court requires them to exhaust their administrative remedies before filing a federal action. As the Magistrate Judge noted, "[t]o the contrary, if the Court were to allow Corvian to proceed with this federal case rather than let the state administrative process play out—that is precisely where there is a risk of inconsistent results." (Doc. No. 13). Indeed, one need not imagine such a scenario; this Court recently applied IDEA's exhaustion requirement and dismissed the Aseltine's first petition because the Aseltines were unable to point

---

864, and Corvian does not appear to dispute that IDEA's exhaustion requirements apply without a valid exception.

to a "final finding or decision" in the administrative proceeding. *See Aseltine v. Bd. of Dirs. of Corvian Cmty. Sch.*, No. 322CV00035RJCDCK, 2023 WL 5747149, at *4 (W.D.N.C. Sept. 6, 2023). As Corvian observed – correctly – in the Aseltine's first federal action, "[l]ong-standing case law makes clear that a plaintiff must exhaust her administrative remedies before bringing an IDEA action in state or federal court." *Aseltine*, 3:22-CV-035-RJC-DCK, Doc. No. 24. Corvian, too, must abide by that long-standing case law and exhaust its remedies.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R, (Doc. No. 13), is **ADOPTED**; and
2. Defendants' Motion to Dismiss, (Doc. No. 7), is **GRANTED**. The Clerk is directed to close this case.

Signed: September 15, 2023

Robert J. Conrad, Jr.
United States District Judge